## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SAMUEL H. SMITH., in his capacity as Speaker of the Pennsylvania House of Representatives, | CIVIL ACTION |
| Plaintiff, | No. |
| v. | |
| CAROL AICHELE, in her capacity as Secretary of the Commonwealth of Pennsylvania, | |
| Defendant. | |

## COMPLAINT

1.     This action, by the Speaker of the Pennsylvania House of Representatives, seeks a declaratory judgment that use of the 2001 Legislative Reapportionment Plan in the upcoming 2012 special elections, to fill vacancies in the Pennsylvania House of Representatives, violates the United States and Pennsylvania Constitutions.

2.     By Order dated January 25, 2012, the Pennsylvania Supreme Court directed that the 2001 Legislative Reapportionment Plan shall remain in effect until a revised final 2011 Legislative Reapportionment Plan "having the force of law is approved." The Court's Order remanded the 2011 Legislative Reapportionment Plan to the 2011 Legislative Reapportionment Commission "with a directive to reapportion the Commonwealth in a manner consistent with the Court's Opinion, which will follow." The Court's Order did not state when that Opinion will be issued, and no Opinion has been issued as of the date of the filing of this Complaint. At the same time, the Order directs that nearly all current election dates will remain unchanged, with the first listed event taking place on January 26, 2012.

3.    Because of the time constraints of the schedule for elections in Pennsylvania for 2012 and the Pennsylvania Supreme Court's January 25th Order, the 2001 Legislative Reapportionment Plan will likely be used in 2012 elections unless this Court grants the relief sought in this action.

4.    Because of population changes in the decade since the 2001 Legislative Reapportionment Plan was approved, use of that Plan would violate the constitutional requirements for legislative districts to have substantial equality of population among the various districts as required by the United States and Pennsylvania Constitutions.

## JURISDICTION AND VENUE

5.    This is an action for declaratory judgment to determine a question in actual controversy between the parties under the provisions of 28 U.S.C. § 2201.

6.    The jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1367.

7.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

8.    Plaintiff Samuel H. Smith is the current Speaker of the Pennsylvania House of Representatives ("Speaker").  He brings this action in his official capacity.

9.    The Speaker is the presiding officer of the Pennsylvania House of Representatives ("House").

10.    The Speaker has specific constitutional and statutory duties, described in Section A below, with respect to elections.

11.    Defendant Carol Aichele is the current Secretary of the Commonwealth of Pennsylvania.  This action is brought against her in her official capacity.

12.     The Secretary of the Commonwealth is Pennsylvania's Chief Election Officer and is responsible for overseeing elections in Pennsylvania.  Among other election-related duties with respect to elections, including for the Pennsylvania House of Representatives, the Secretary of the Commonwealth is required to notify county boards in writing designating all offices for which candidates are to be nominated; determine the sufficiency of nomination petitions for all candidates; proclaim the results of all elections; and issue certificates of election to the successful candidates at elections. *See* 25 P.S. §§ 2621, 2865.

## FACTS

13.     The statutory and constitutional issues presented in this action concern the unique interplay between the Speaker's duties and the current progress of the 2011 Legislative Reapportionment Plan for the Pennsylvania General Assembly.

### A. The Speaker's Duties With Respect To Special Elections To Fill Vacancies

14.     Article II, § 2 of the Pennsylvania Constitution directs the Speaker, as presiding officer of the House, to issue a writ of election to fill any vacancy which occurs in the House for the remainder of the legislative term.

15.     By state statute, the Speaker is generally required to issue a writ of election within ten days after a vacancy occurs in the House.  25 P.S. § 2778.

16.     This general rule does not apply, however, during certain periods associated with the legislative reapportionment of the Commonwealth.  25 P.S. § 2778a.

17.     If a vacancy occurs from the time a preliminary reapportionment plan is filed by the Legislative Reapportionment Commission until a final reapportionment plan "attains the force of law, the presiding officer of the house shall have the authority, notwithstanding any other provisions of law to the contrary, to delay the issuance of a writ of election until ten days

3

after the date the final plan attains the force of law." 25 P.S. § 2778a. This statutory provision

enables the Speaker to avoid having to issue a writ for a special election in a legislative district

which may no longer exist or be changed, due to reapportionment, when the election was held.

### B. The Legislative Reapportionment Procedure

18.     The standards used to draw new legislative districts are found in Article II, § 16 of

the Pennsylvania Constitution which provides:

> The Commonwealth shall be divided into fifty senatorial and two
> hundred three representative districts, which shall be composed of
> compact and contiguous territory as nearly equal in population as
> practicable. Each senatorial district shall elect one Senator, and
> each representative district one Representative. Unless absolutely
> necessary no county, city, incorporated town, borough, township or
> ward shall be divided in forming either a senatorial or
> representative district.

19.     Article II, § 17 of the Pennsylvania Constitution governs the procedural aspects of

reapportionment of the Commonwealth's legislative districts. Following every Federal decennial

census, a Legislative Reapportionment Commission ("Commission") is created. The

Commission is tasked with creating a plan to reapportion the Pennsylvania state legislative

districts.

20.     The Commission consists of five members and operates on a constitutional

timeline. It has 90 days after either it is certified or usable population data is available,

whichever is later, to file a preliminary reapportionment plan. A 30 day period for exceptions

and corrections to the preliminary plan follows. Depending upon the filing of exceptions, the

Commission also has an additional period for revision. The ultimate goal is to produce a "final

plan" to reapportion Pennsylvania's legislative districts.

21.     Once a final plan is adopted, aggrieved persons have 30 days to file an appeal

directly to the Pennsylvania Supreme Court. Pa. Const., Article II, § 17(d). The Pennsylvania

Constitution dictates the result if a reapportionment plan is found to be contrary to law, specifically directing the Court to "issue an order remanding the plan to the commission and directing the commission to reapportion the Commonwealth in a manner not inconsistent with such order." *Id.*

22.     The process reaches its conclusion when either no appeal of the final plan is filed or the Pennsylvania Supreme Court has "finally decided an appeal." Pa. Const., Article II, § 17(e).  At that point, the "reapportionment plan shall have the force of law" and the legislative districts in that plan are "used thereafter in elections to the General Assembly until the next reapportionment as required under this section 17." *Id.*

23.     When the reapportionment plan has the force of law, the Speaker is then required under 25 P.S. § 2778a to issue the writ of election to fill the vacancies in the new election districts (assuming the Speaker has taken advantage of the option for delay available during a reapportionment period).

24.     The Pennsylvania Supreme Court is authorized to reapportion the Commonwealth on its own only if the Commission fails to file a plan within the constitutional time limits, which, as discussed below, did not happen here. Pa. Const., Article II, § 17(g).  *See In Re Reapportionment Plan for Pa. Gen. Assembly*, 497 Pa. 525, 532-33 (1981) (Pennsylvania Constitution provides that "in the event a final plan is determined by [the Pennsylvania Supreme] Court to be invalid, the plan be remanded to the Commission for a second attempt at reapportionment").

### C. Events Concerning the 2011 Legislative Reapportionment Plan

25.     By April 2011, all of the members of the 2011 Commission had been appointed.

26.     The preliminary reapportionment plan was approved by the 2011 Commission on October 31, 2011.

27.     The 2011 Final Reapportionment Plan ("2011 Final Plan") was adopted by the Commission on December 12, 2011.

28.     Various petitions challenging the 2011 Final Plan were filed with the Pennsylvania Supreme Court, and the Court held oral argument concerning those challenges on January 23, 2011.

29.     On January 25, 2012, the Pennsylvania Supreme Court, by a vote of four to three, issued an Order finding the 2011 Final Plan "was contrary to law" and remanding the 2011 Final Plan to the 2011 Commission with a directive to reapportion the Commonwealth "in a manner consistent with this Court's opinion, which will follow." A copy of the January 25, 2012 Order and Dissenting Statement are attached hereto as Exhibit 1.

30.     The January 25th Order further directs that the 2001 Legislative Reapportionment Plan, which the Court previously ordered be used in all elections to the General Assembly until the next constitutionally mandated reapportionment shall be approved, "shall remain in effect until a revised final 2011 Legislative Reapportionment Plan having the force of law is approved." *Id.*

31.     The January 25th Order also directs that all 2012 election dates are to remain the same except for extending by several days certain primary election dates concerning for circulation and filing of nomination petitions. *Id.*

32.     The January 25th Order does not reflect any potential extension of election calendar dates to allow additional time for revision and approval of a 2011 Legislative Reapportionment Plan.

6

33.     As of the date of the filing of this Complaint, the Pennsylvania Supreme Court has not issued an opinion in support of its January 25, 2012 Order explaining how the Commission is "to reapportion the Commonwealth."

34.     In an interview on January 26, 2012 with the Capitolwire news service, Supreme Court Justice Max Baer, one the Justices voting in the majority for the January 25th Order, is reported to have said that the majority of the Court believes the process of fixing the legislative maps will take time, "I think this year's elections are going to go on the 2001 lines," and "I think that is what the majority intended and I think that is what a reading of the chief justice's order said." A copy of the January 26, 2012 Capitolwire article, "Justice Baer says 2012 elections likely to be based on 2001 legislative maps," is attached as Exhibit 2.

35.     Based on the January 25th Order, Justice Baer's comments in the Capitolwire article, and the imminent timing of upcoming election events, it appears the practical and actual effect of the Supreme Court's January 25th Order is that legislative districts established in the 2001 Legislative Reapportionment Plan are those which will be used in special elections for the rest of the current legislative session of the Pennsylvania General Assembly and in the primary and general election for the 2013 – 2014 legislative session.

36.     Without this Court's intervention, the timetables imposed by Pennsylvania law will require the Speaker to issue writs of election to fill vacancies in districts based on the 2001 Legislative Reapportionment Plan – a plan which, as explained below, violates constitutional requirements for legislative districts.

### D. Problems With Use Of The 2001 Legislative Reapportionment Plan In 2012 Elections

37.     Currently there are six vacancies in the House. Each vacant seat – in the 22nd, 134th, 153rd, 169th, 186th and 197th districts, respectively – opened after the preliminary reapportionment plan was approved on October 31, 2011.

38.     Vacant seats should be filled in a timely manner consistent with law so that those districts are represented in the House. The Speaker has received inquiries regarding the scheduling of special elections to fill these vacancies in the House, and is subject to mandamus actions by prospective candidates to issue writs of election that would force him to call for special elections.

39.     The Speaker seeks to fulfill his constitutional and statutory duties concerning scheduling elections to fill vacancies in the House in a manner that does not require him to schedule elections in districts whose boundaries do not conform to constitutional requirements.

40.     The overriding constitutional objective in the apportionment of legislative districts is to achieve "substantial equality of population among the various districts, so that the vote of any citizen is approximately equal in weight to that of any other citizen in the State." *Reynolds v. Sims*, 377 U.S. 533, 579 (1964); *Albert v. 2001 Legislative Reapportionment Comm'n*, 567 Pa. 670, 676 (2002).

41.     Use of the 2001 Legislative Reapportionment Plan in any future elections would violate the voting rights of Pennsylvania citizens.

42.     The 2001 Legislative Reapportionment Plan was based on 2000 year census data, and is no longer acceptable because 2010 census documents show that the populations for the current legislative districts vary widely due to population shifts over the last decade.

8

43.     Elections under the 2001 Legislative Reapportionment Plan would unfairly increase the value of certain Pennsylvania voters' ballots in districts with large population declines at the expense of diluting the votes of other Pennsylvania voters from districts with large population increases.

44.     According to 2010 census statistics, the "target population" – which is the population that would allow equal apportionment of Pennsylvania residents among its 203 legislative districts – is 62,573 residents per district.

45.     As a result in shifts in population over the past ten years as evidenced by the 2010 census data, the current 203 legislative districts vary widely in population such that further elections using these districts would violate the Fourteenth Amendment to the United States Constitution and Article II, §16 of the Pennsylvania Constitution because the districts are no longer substantially equal in population.

46.     For example, current Representative District 134 has a population of 77,873 residents under the 2001 Legislative Reapportionment Plan district boundaries, which exceeds the 2010 target population by 15,300, or 24.45 percent.  District 134 is one of the six districts with vacancies in the House, and has the largest population disparity of Pennsylvania's 203 representative districts.

47.     Conversely, current Representative District 159 has a population of 51,068 under the 2001 Legislative Reapportionment Plan district boundaries, which falls short of the 2010 target population by 11,505, or -18.39 percent.

48.     These are just a few examples of the gross disparities in district population based on the 2001 Legislative Reapportionment Plan.  Indeed, legislative districts 1, 9, 12, 13, 14, 19, 20, 24, 26, 27, 34, 35, 44, 47, 67, 71, 72, 75, 77, 87, 89, 90, 93, 94, 114, 130, 132, 134, 137, 146,

9

147, 150, 155, 159, 160, 175, 176, 189, 190, 191, 192, 193, 198, 200, and 201 have population disparities of *at least* ten percent under the 2001 Legislative Reapportionment Plan. In fact, the overall range of population deviation that has occurred across all Pennsylvania's legislative districts since the adoption of the 2001 Plan is 44 percent.

49.     Therefore, any further elections under the 2001 Legislative Reapportionment Plan, including but not limited to the six legislative districts with vacancies, would violate the one person, one vote principle of the Equal Protection Clause to the Fourteenth Amendment of the United States Constitution and Article I §§1, 5, 26 and Article II, §16 of the Pennsylvania Constitution.

50.     In order to avoid issuing writs of election for districts that do not conform to constitutional requirements, the Speaker requests the Court declare that the 2001 Legislative Reapportionment Plan should not be used for the six vacancies which currently exist, for any other vacancies that may occur during this term, or for any other elections. Without this remedy, the Speaker would be required to perform a constitutional duty, issuing writs for special elections to fill vacancies in the House, in districts that do not meet constitutional requirements for elections.

**COUNT I – VIOLATION OF UNITED STATES CONSTITUTION**

51.     Plaintiff incorporates by reference the averments of paragraphs 1 through 50 of the Complaint as though each was fully set forth herein.

52.     The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution requires that "a State make an honest and good faith effort to construct districts, in both houses of its legislature, as nearly of equal population as is practicable." *Reynolds v. Sims*, 377 U.S. 533, 577 (1964). "[T]he overriding objective must be substantial equality of population

among the various districts, so that the vote of any citizen is approximately equal in weight to that of any other citizen in the State." *Id.* at 579.

53.    Just a few weeks ago, the United States Supreme Court reaffirmed the principle that where, as here, a new reapportionment plan based on a new Federal census has been invalidated or not yet approved, a previously approved reapportionment plan issued after an earlier Federal census should not be utilized where intervening population shifts and other factors renders the previous plan no longer consistent with the "one person, one vote requirement" of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. *Perry v. Perez*, 2012 WL 162610, * 2 (U.S. Jan 12, 2012) ("As Texas' 2012 primaries approached, it became increasingly likely the State's newly enacted plans would not receive preclearance in time for the 2012 elections. And the State's old district lines could not be used, because population growth had rendered them inconsistent with the Constitution's one-person, one-vote requirement").

54.    The United States Supreme Court has also recognized that, under exigent circumstances, a current reapportionment plan which does not meet every constitutional requirement may still be utilized, in order to permit an upcoming election to occur under an available plan that most closely meets those requirements. *E.g., Upham v. Seamon*, 456 U.S. 37, 44 (1982) ("It is true that we have authorized District Courts to order or to permit elections to be held pursuant to apportionment plans that do not in all respects measure up to the legal requirements, even constitutional requirements. Necessity has been the motivating factor in these situations") (citations omitted); *Reynolds v. Sims*, 377 U.S. 533, 585 (1964) (similar).

55.    The Pennsylvania Supreme Court's January 25th Order directs that as a consequence of the Court's invalidation of the 2011 Legislative Reapportionment Plan, the 2001

Legislative Reapportionment Plan remains in full force and effect, without making any determination whether the 2001 Legislative Reapportionment Plan meets constitutional requirements based on the 2010 census.

56.     The facts discussed in section D above show that the 2001 Legislative Reapportionment Plan no longer meets constitutional requirements, based on substantial population shifts occurring after the 2000 census on which that Plan was based.

57.     Accordingly, this Court should declare that use of 2001 Legislative Reapportionment Plan in future elections is violative of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## COUNT II – VIOLATION OF PENNSYLVANIA CONSTITUTION

58.     Plaintiff incorporates by reference the averments of paragraphs 1 through 57 of the Complaint as though each was fully set forth herein.

59.     The Pennsylvania Constitution contains provisions that guarantee equal protection under the law, and free and equal elections.  Pa. Const. Art. I, §§ 1, 26 (equal protection) and Art. 1, §5 (free and equal election).  Those provisions have been deemed coterminous with the federal Equal Protection Clause in the context of reapportionment plans.  *Erfer v. Commonwealth of Pa.*, 568 Pa. 128, 138-39 (2002).  Accordingly, for the same reasons that use of the 2001 Legislative Reapportionment Plan would violate the United States Constitution, it would also violate these provisions of the Pennsylvania Constitution.

60.     The Pennsylvania Constitution also contains the requirements set out in Article II, §16, quoted in paragraph 18 above.  The Pennsylvania Supreme Court has held that the "federal requirement of equal protection" is also incorporated into this provision.  *Albert v. 2001 Legislative Reapportionment Comm'n*, 567 Pa. 670, 676 (2002).  That Court has further stated

that "the state constitutional mandate that districts be 'as nearly of equal population as is

practicable' requires that 'the object of any reapportionment plan must be substantial equality of

population' and that, if need be, the concerns for compactness and adherence to political

subdivision lines must yield to this 'overriding objective.'" *In re Reapportionment Plan for Pa.*

*Gen. Assembly,* 497 Pa. 525, 535-36 (1981).  For all the same reasons discussed above, use of the

2001 Legislative Reapportionment Plan would violate the mandates of Article II, §16, in

particular the mandate that representative districts be "as nearly equal in population as

practicable."

      61.     In addition, the Pennsylvania Supreme Court has recognized that an approved

reapportionment plan, such as the 2001 Reapportionment Plan, automatically expires at the time

a new reapportionment plan is required, regardless whether an approved new plan exists to

replace the old plan.  As the Court explained in *In re 1991 Pennsylvania Legislative*

*Reapportionment Commission,* 530 Pa. 335, 351-52 (1992):

> The Constitution clearly states that "the reapportionment
> shall have the force of law and the districts therein provided shall
> be used thereafter in elections to the General Assembly until *the*
> *next reapportionment as required under this Section 17.*" Pa.
> Const. Art. II § 17(e) (emphasis added).  The Constitution does not
> state "if required."  Thus on its face the Constitution clearly
> establishes a termination date for the reapportionment plan.
> Nowhere in Section 17 is there authorization to continue to use a
> prior plan and if the Commission fails to produce a plan within the
> prescribed time limit, "the Supreme Court shall immediately
> proceed on its own motion to reapportion the Commonwealth."
> Pa. Const. Art. II § 17(g).  Therefore, each Senator, whether in an
> odd or even-numbered District, is on notice after a Federal
> Decennial Census that the prior reapportionment plan is no longer
> effective and the new districts may be drawn in a manner that
> separates the Senators' districts from their residences.

62.     Accordingly, the 2001 Plan is "no longer effective" under the Pennsylvania Constitution.

WHEREFORE, Plaintiff Samuel H. Smith respectfully requests that the Court enter judgment declaring, ordering and adjudging that:

    a.  use of the 2001 Legislative Reapportionment Plan in future elections violates the United States Constitution and the Pennsylvania Constitution; and

    b.  granting such other relief as is just and equitable.


                            CONRAD O'BRIEN PC


                            James J. Rohn
                            Matthew H. Haverstick
                            Robert N. Feltoon
                            Francesco P. Trapani
                            1500 Market Street
                            Centre Square
                            West Tower, Suite 3900
                            Philadelphia, PA 19102
                            Tel: (215) 864-9600
                            Fax: (215) 864-9620

                            Attorneys for Plaintiff
                            Samuel H. Smith

# EXHIBIT 1

[J- 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 31- 2012]
IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT

AMANDA E. HOLT, ELAINE TOMLIN, LOUIS : No. 7 MM 2012
NUDI, DIANE EDBRIL, DARIEL I. JAMIESON, :
LORA LAVIN, JAMES YOEST, JEFFREY :
MEYER, CHRISTOPHER H. FROMME, : Appeal from the Legislative
TIMOTHY F. BURNETT, CHRIS HERTZOG, : Reapportionment Plan of the 2011
GLEN ECKHART, and MARY FRANCES : Legislative Reapportionment
BALLARD, : Commission, dated December 12, 2011

Petitioners :

:

v. :

:

:

:

2011 LEGISLATIVE REAPPORTIONMENT :
COMMISSION, :

:

Respondent :

:

SENATOR JAY COSTA, SENATOR : No. 1 WM 2012
LAWRENCE M. FARNESE, JR., SENATOR :
CHRISTINE M. TARTAGLIONE, SENATOR :
SHIRLEY M. KITCHEN, SENATOR LEANNA : Appeal from the Legislative
M. WASHINGTON, SENATOR MICHAEL J. : Reapportionment Plan of the 2011
STACK, SENATOR VINCENT J. HUGHES, : Legislative Reapportionment
SENATOR ANTHONY H. WILLIAMS, : Commission, dated December 12, 2011
SENATOR JUDITH L. SCHWANK, :
SENATOR JOHN T. YUDICHAK, SENATOR :
DAYLIN LEACH, SENATOR LISA M. :
BOSCOLA, SENATOR ANDREW E. :
DINNIMAN, SENATOR JOHN P. BLAKE, :
SENATOR RICHARD A. KASUNIC, :
SENATOR JOHN N. WOZNIAK, SENATOR :
JIM FERLO, SENATOR WAYNE D. :
FONTANA, SENATOR JAMES R. :
BREWSTER, and SENATOR TIMOTHY J. :
SOLOBAY, :

Petitioners :

:

:

v. :

:

|  |  |  |
|---|---|---|
| 2011 LEGISLATIVE REAPPORTIONMENT COMMISSION, | : | |
| Respondent | : | |
| MAYOR CAROLYN COMITTA, COUNCIL PRESIDENT HOLLY BROWN, WILLIAM J. SCOTT, JR., HERBERT A. SCHWABE, II, JANE HEALD CLOSE, FLOYD ROBERT BIELSKI, DAVID LALEIKE, E. BRIAN ABBOTT, NATHANIEL SMITH, and W. DONALD BRACELAND, | : | No. 2 MM 2012 <br><br> Appeal from the Legislative Reapportionment Plan of the 2011 Legislative Reapportionment Commission, dated December 12, 2011 |
| Petitioners | : | |
| v. | : | |
| 2011 LEGISLATIVE REAPPORTIONMENT COMMISSION, | : | |
| Respondent | : | |
| MAYOR LEO SCODA and COUNCIL PERSON JENNIFER MAYO, | : | No. 3 MM 2012 |
| Petitioners | : | Appeal from the Legislative Reapportionment Plan of the 2011 Legislative Reapportionment Commission, dated December 12, 2011 |
| v. | : | |
| 2011 LEGISLATIVE REAPPORTIONMENT COMMISSION, | : | |
| Respondent | : | |
| THOMAS SCHIFFER, ALISON BAUSMAN, RACHEL J. AMDUR, JOAN TARKA, LAWRENCE W. ABEL, MARGARET G. MORSCHECK, LAWRENCE J. CHRZAN, JULIA SCHULTZ and SHIRLEY RESNICK, | : | No. 4 MM 2012 <br><br> Appeal from the Legislative Reapportionment Plan of the 2011 Legislative Reapportionment |

Petitioners           :  Commission, dated December 12, 2011

                 :

v.                      :

                 :

2011 LEGISLATIVE REAPPORTIONMENT :
COMMISSION,

Respondent       :

SEKELA COLES, CYNTHIA JACKSON and : No. 5 MM 2012
LEE TALIAFERRO,

                 :

Petitioners      :  Appeal from the Legislative
                 :  Reapportionment Plan of the 2011
                 :  Legislative Reapportionment
v.                      :  Commission, dated December 12, 2011

                 :

2011 LEGISLATIVE REAPPORTIONMENT :
COMMISSION,

Respondent       :

PATTY KIM,             :  No. 6 MM 2012

                 :

Petitioner       :

                 :  Appeal from the Legislative
                 :  Reapportionment Plan of the 2011
v.                      :  Legislative Reapportionment
                 :  Commission, dated December 12, 2011

2011 LEGISLATIVE REAPPORTIONMENT :
COMMISSION,

Respondent       :

EDWARD J. BRADLEY, JR., PATRICK : No. 8 MM 2012
MCKENNA, JR., DOROTHY GALLAGHER, :
RICHARD H. LOWE, and JOHN F. "JACK" :
BYRNE,              :  Appeal from the Legislative
                 :  Reapportionment Plan of the 2011
Petitioners      :  Legislative Reapportionment
                 :  Commission, dated December 12, 2011

                 :

v.                                    :
                                      :
                                      :
2011  LEGISLATIVE  REAPPORTIONMENT :
COMMISSION,                           :
                                      :
            Respondent                :
                                      :
DENNIS J. BAYLOR,                     :   No. 9 MM 2012
                                      :
            Petitioner                :
                                      :
                                      :   Appeal from the Legislative
                                      :   Reapportionment Plan of the 2011
            v.                        :   Legislative Reapportionment
                                      :   Commission, dated December 12, 2011
                                      :
2011  LEGISLATIVE  REAPPORTIONMENT :
COMMISSION,                           :
                                      :
            Respondent                :
                                      :
ANDREW DOMINICK ALOSI,                :   No. 10 MM 2012
                                      :
            Petitioner                :
                                      :
                                      :   Appeal from the Legislative
                                      :   Reapportionment Plan of the 2011
            v.                        :   Legislative Reapportionment
                                      :   Commission, dated December 12, 2011
                                      :
2011  LEGISLATIVE  REAPPORTIONMENT :
COMMISSION,                           :
                                      :
            Respondent                :
                                      :
CARLOS A. ZAYAS,                      :   No. 17 MM 2012
                                      :
            Petitioner                :
                                      :
                                      :   Appeal from the Legislative
                                      :   Reapportionment Plan of the 2011
            v.                        :   Legislative Reapportionment
                                      :   Commission, dated December 12, 2011
                                      :
2011  LEGISLATIVE  REAPPORTIONMENT :
COMMISSION,                           :
                                      :
            Respondent                :

[J- 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 31 -2012] - 4

WILLIAM C. KORTZ, MICHELLE L. VEZZANI, :   No. 4 WM 2012
MICHAEL   E.   CHEREPKO,   GREGORY :
EROSENKO, JOYCE POPOVICH, JOHN :
BEVEC, LISA BASHIOUM, and RICHARD :   Appeal from the Legislative
CHRISTOPHER,                            :   Reapportionment Plan of the 2011
                                         :   Legislative Reapportionment
               Petitioners           :   Commission, dated December 12, 2011
                                         :
                                         :
               v.                             :
                                         :
2011 LEGISLATIVE REAPPORTIONMENT :  
COMMISSION,                                 :
                                         :
               Respondent          :

## ORDER

**PER CURIAM**                                  **DECIDED:   January 25, 2012**

       **AND NOW**, this 25th day of January, 2012, upon consideration of the petitions for review and briefs in these legislative redistricting appeals, and after entertaining oral argument on January 23, 2012, this Court finds that the final 2011 Legislative Reapportionment Plan is contrary to law.   PA. CONST. art. II, § 17(d).[1]   Accordingly, the final 2011 Legislative Reapportionment Plan is **REMANDED** to the 2011 Legislative Reapportionment Commission with a directive to reapportion the Commonwealth in a manner consistent with this Court's Opinion, which will follow.   Id.

       The 2001 Legislative Reapportionment Plan, which this Court previously ordered to "be used in all forthcoming elections to the General Assembly until the next constitutionally mandated reapportionment shall be approved," Albert v. 2001 Legislative Reapportionment Commission, 790 A.2d 989, 991 (Pa. 2002) (quoting per curiam order),

---

[1]        For administrative purposes only, we have designated the appeal in Holt v. 2011 Legislative Reapportionment Commission, 7 MM 2012 / J-7-2012, as the lead case.

shall remain in effect until a revised final 2011 Legislative Reapportionment Plan having the force of law is approved.   PA. CONST. art. II, § 17(e).

All 2012 election dates shall remain the same, with the exception of the primary election calendar, which is adjusted as follows:

| | |
|---|---|
| Thursday, January 26 | First day to circulate nomination petitions |
| Thursday, February 16 | Last day to file nomination petitions |
| Thursday, February 23 | Last day to file objections to set aside nomination petitions |
| Monday, February 27 | Last day that court may fix for hearings on objections to nomination petitions |
| Friday, March 2 | Last day for court to finally determine objections to nomination petitions |
| Friday, March 2 | Last day for withdrawal by candidates who filed nomination petitions |

Any signatures on nomination petitions dated January 24 or January 25, 2012, shall be deemed valid as to timeliness, subject, however, to any other statutory challenge.

Jurisdiction is retained.

Mr. Justice Saylor files a dissenting statement, in which Mr. Justice Eakin and Madame Justice Orie Melvin join.

**[J- 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 31- 2012]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | |
|---|---|
| AMANDA E. HOLT, ELAINE TOMLIN, LOUIS NUDI, DIANE EDBRIL, DARIEL I. JAMIESON, LORA LAVIN, JAMES YOEST, JEFFREY MEYER, CHRISTOPHER H. FROMME, TIMOTHY F. BURNETT, CHRIS HERTZOG, GLEN ECKHART, and MARY FRANCES BALLARD, | No. 7 MM 2012 |
| | Appeal from the Legislative Reapportionment Plan of the 2011 Legislative Reapportionment Commission, dated December 12, 2011 |
| Petitioners | |
| v. | |
| 2011 LEGISLATIVE REAPPORTIONMENT COMMISSION, | |
| Respondent | |
| SENATOR JAY COSTA, SENATOR LAWRENCE M. FARNESE, JR., SENATOR CHRISTINE M. TARTAGLIONE, SENATOR SHIRLEY M. KITCHEN, SENATOR LEANNA M. WASHINGTON, SENATOR MICHAEL J. STACK, SENATOR VINCENT J. HUGHES, SENATOR ANTHONY H. WILLIAMS, SENATOR JUDITH L. SCHWANK, SENATOR JOHN T. YUDICHAK, SENATOR DAYLIN LEACH, SENATOR LISA M. BOSCOLA, SENATOR ANDREW E. DINNIMAN, SENATOR JOHN P. BLAKE, SENATOR RICHARD A. KASUNIC, SENATOR JOHN N. WOZNIAK, SENATOR JIM FERLO, SENATOR WAYNE D. FONTANA, SENATOR JAMES R. BREWSTER, and SENATOR TIMOTHY J. SOLOBAY, | No. 1 WM 2012 |
| | Appeal from the Legislative Reapportionment Plan of the 2011 Legislative Reapportionment Commission, dated December 12, 2011 |
| Petitioners | |
| v. | |

2011 LEGISLATIVE REAPPORTIONMENT : COMMISSION,

          Respondent

MAYOR CAROLYN COMITTA; COUNCIL :    No. 2 MM 2012
PRESIDENT HOLLY BROWN; WILLIAM J. :
SCOTT, JR.; HERBERT A. SCHWABE, II; :
JANE HEALD CLOSE; FLOYD ROBERT :    Appeal from the Legislative
BIELSKI; DAVID LALEIKE; E. BRIAN :    Reapportionment Plan of the 2011
ABBOTT; NATHANIEL SMITH; and W. :    Legislative Reapportionment
DONALD BRACELAND,                :    Commission, dated December 12, 2011

          Petitioners

           v.

2011 LEGISLATIVE REAPPORTIONMENT : COMMISSION,

          Respondent

MAYOR LEO SCODA and COUNCIL :    No. 3 MM 2012
PERSON JENNIFER MAYO,

          Petitioners.          :    Appeal from the Legislative
                             :    Reapportionment Plan of the 2011
                             :    Legislative Reapportionment
           v.                    :    Commission, dated December 12, 2011

2011 LEGISLATIVE REAPPORTIONMENT : COMMISSION,

          Respondent

THOMAS SCHIFFER, ALISON BAUSMAN, :    No. 4 MM 2012
RACHEL J. AMDUR, JOAN TARKA, :
LAWRENCE W. ABEL, MARGARET G. :
MORSCHECK, LAWRENCE J. CHRZAN, :    Appeal from the Legislative
JULIA SCHULTZ and SHIRLEY RESNICK,    Reapportionment Plan of the 2011
                             :    Legislative Reapportionment
          Petitioners       :    Commission, dated December 12, 2011

v. :

:

2011 LEGISLATIVE REAPPORTIONMENT :
COMMISSION, :

   Respondent :

SEKELA COLES, CYNTHIA JACKSON and : No. 5 MM 2012
LEE TALIAFERRO, :

   Petitioners : Appeal from the Legislative
     : Reapportionment Plan of the 2011
     : Legislative Reapportionment
   v. : Commission, dated December 12, 2011

:

2011 LEGISLATIVE REAPPORTIONMENT :
COMMISSION, :

   Respondent :

PATTY KIM, : No. 6 MM 2012

   Petitioner :

     : Appeal from the Legislative
     : Reapportionment Plan of the 2011
   v. : Legislative Reapportionment
     : Commission, dated December 12, 2011

2011 LEGISLATIVE REAPPORTIONMENT :
COMMISSION, :

   Respondent :

EDWARD J. BRADLEY, JR., PATRICK : No. 8 MM 2012
MCKENNA, JR., DOROTHY GALLAGHER, :
RICHARD H. LOWE, and JOHN F. "JACK" :
BYRNE, : Appeal from the Legislative
     : Reapportionment Plan of the 2011
   Petitioners : Legislative Reapportionment
     : Commission, dated December 12, 2011

   v. :

2011 LEGISLATIVE REAPPORTIONMENT :
COMMISSION,                        :
                                  :
        Respondent                :
                                  :
DENNIS J. BAYLOR,                 :   No. 9 MM 2012
                                  :
        Petitioner                :
                                  :   Appeal from the Legislative
                                  :   Reapportionment Plan of the 2011
        v.                        :   Legislative Reapportionment
                                  :   Commission, dated December 12, 2011
                                  :
2011 LEGISLATIVE REAPPORTIONMENT :
COMMISSION,                        :
                                  :
        Respondent                :
                                  :
ANDREW DOMINICK ALOSI,            :   No. 10 MM 2012
                                  :
        Petitioner                :
                                  :   Appeal from the Legislative
                                  :   Reapportionment Plan of the 2011
        v.                        :   Legislative Reapportionment
                                  :   Commission, dated December 12, 2011
                                  :
2011 LEGISLATIVE REAPPORTIONMENT :
COMMISSION,                        :
                                  :
        Respondent                :
                                  :
CARLOS A. ZAYAS,                  :   No. 17 MM 2012
                                  :
        Petitioner                :
                                  :   Appeal from the Legislative
                                  :   Reapportionment Plan of the 2011
        v.                        :   Legislative Reapportionment
                                  :   Commission, dated December 12, 2011
                                  :
2011 LEGISLATIVE REAPPORTIONMENT :
COMMISSION,                        :
                                  :
        Respondent                :

| | |
|---|---|
| WILLIAM C. KORTZ, MICHELLE L. VEZZANI, MICHAEL E. CHEREPKO, GREGORY EROSENKO, JOYCE POPOVICH, JOHN BEVEC, LISA BASHIOUM, and RICHARD CHRISTOPHER, <br><br>                Petitioners <br><br><br>      v. <br><br><br> 2011 LEGISLATIVE REAPPORTIONMENT COMMISSION, <br><br>                Respondent | : No. 4 WM 2012 <br> : <br> : <br> : Appeal from the Legislative <br> : Reapportionment Plan of the 2011 <br> : Legislative Reapportionment <br> : Commission, dated December 12, 2011 <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## DISSENTING STATEMENT

**MR. JUSTICE SAYLOR**                    **FILED:   January 25, 2012**

Based on the petitions, briefs, and argument, I am not persuaded that the 2011 Legislative Reapportionment Plan is contrary to law as reflected in the existing precedent. Although I am receptive to the concern that past decisions of the Court may suggest an unnecessarily stringent approach to equalization of population as between voting districts, I believe this could be addressed via prospective guidance from the Court.

Mr. Justice Eakin and Madame Justice Orie Melvin join this dissenting statement.

# EXHIBIT 2

Capitolwire: Justice Baer says 2012 elections likely to be based on 2001 legislative maps.

*With a formal decision still about a week away from release, Justice Max Baer speaks to defend the decision, explain its likely impacts.*

HARRISBURG (Jan. 26) – Supreme Court Justice Max Baer said issuing an opinion regarding the Legislative Reapportionment Commission's plan "will take a week or so" and that the court majority believes the process of fixing the legislative maps will take time.

"I think this year's elections are going to go on the 2001 lines," Baer said in an interview with Capitolwire. "I think that is what the majority intended and I think that is what a reading of the chief justice's order said."

Baer said: "It takes a week or so to write a majority opinion on any big case, and it will take a week or so here."

But the day after the court stunned the political world by telling the legislative leaders and the court-picked chairman, former Judge Stephen McEwen, their map was unconstitutional, Baer said he and his colleagues were surprised by the amount and furor of the reaction.

"I did not expect this maelstrom," he said. "I don't think any of us did. But in 40 years since the constitution established this procedure, this is the first the court has voted to not rubberstamp the commission's work. And, you know, the constitution was not set up to rubberstamp things."

That meant, he said, that the trip of himself and Chief Justice Ron Castille to Puerto Rico for a conference of the Pennsylvania Bar Association, was not keeping any candidates in suspense: they should expect to run based on the 2001 redistricting lines. And Baer said the trip would not add any time beyond the usual week "to write a majority opinion. That is just what it takes."

But Baer's decision to discuss the case while the commission members were still awaiting the specific opinion upset Senate Majority Leader Dominic Pileggi, R-Delaware.

"I think it's outrageous that instead of issuing an opinion, to provide guidance to over 12 million Pennsylvanians as to who their representatives and state senators will be in the 2012 election cycle, we are reading press comments from a single Supreme Court justice in a resort in Puerto Rico.

"I look forward to reading the court's opinions and working with the commission to respond in time for the 2012 election cycle. On a matter as important as drawing legislative districts, I think the court should explain itself in formal opinions rather than in conversations with newspaper reporters."

Lisa Scullin, spokeswoman for Senate Minority Leader Jay Costa, D-Allegheny, responded: "We are obviously pleased to hear this, but we are not going to speculate further until we read the Court's opinion."

Mike Barley, executive director for the state Republican Party, released a statement about Baer's comments to Capitolwire:

"While the rest of Pennsylvania anxiously awaits the Court's opinion on redistricting, Justice Baer decided to provide his own commentary on the matter, violating both Judicial Canon and the Pennsylvania Constitution in the process. ... Justice Baer's comments are more than just an abdication of his judicial responsibilities; they are in direct contravention of both the Pennsylvania Code of Judicial Conduct and the Pennsylvania Constitution. Justice Baer should be reprimanded for his poor judgment and recuse himself from any judicial activity related to this matter."

Democratic State Committee spokesman Mark Nicastre responded: "Republicans tried to pass a flawed map, and they got called out. Now they're flailing. We are pleased with Court's Order finding that the Republican-controlled Reapportionment Commission issued a plan that is contrary to law, and we look forward to the Court's Opinion and the opportunity for a new and fair plan."

Baer, Chief Justice Ron Castille, and Baer's fellow Democratic Justices Seamus McCaffery and Debra Todd voted to send the map back for corrections to make it constitutional.

The court's remaining three justices, Republicans Thomas Saylor, Mike Eakin and Joan Orie Melvin, voted the current map was constitutional. But even they backed Saylor's written submission that said while this map was constitutional, the court could have given guidance to resolve issues in redistricting practices before the next legislative reapportionment in 2021.

Baer also noted that most of the justices thought the reapportionment system needed to be changed, noting that the three judges who voted the plan was constitutional "wanted to give prospective guidance. So everyone agreed there needed to be changes. The majority just felt they were needed now, and that justified sending it back to the commission."

Baer confirmed the opinion would cite "the splitting of too many counties, cities, wards and districts" as unconstitutional. "The constitution says they are not to be split unless absolutely necessary and we are affirming that. And defining it. The majority opinion will have specific instructions as how we read the constitution's provisions about compactness, about population deviation and splits of districts. The opinion will change how they balance the factors.

"I don't think the commission could sit down, re-look at this after we give them guidance, and do it in a week or so," he said. "If they can do it in time to have the elections on these lines this year, that is fine, we are open to that. But I don't see how they can do that."

In addition to whatever turn-around time the commission would have, the courts would have to then allow time for appeals to be filed, then hear the appeals, Baer said.

"The chief justice's order was to provide the information to the political establishment that these elections are likely to go on the 2001 lines. We are going to do this quickly, but we felt it was not likely it could be quick enough, and we wanted people to know what the rules were, so they would know what they are filing for. But we have no agenda about whether it gets done and which lines will be in place. But while it goes forward, until we have a new plan that the court approves, we wanted people to know what the lines were, what the rules were.

"When the commission files its plan, and we go through the appeals and hearing process on the new lines, then we will figure out if they apply for the 2013 or 2014 elections or when they would apply."

While Baer declined to comment, another source familiar with the decision said it was unlikely to prevent the future plan from moving seats from west to east, or moving Democrats only from the west to other places, as the House and Senate plans did.

-30-